**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA TALBO,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 2:16-cv-01491 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Before this Court is Patricia Talbo (hereinafter "Plaintiff" or "Claimant")'s appeal, which seeks review of Administrative Law Judge ("ALJ") Richard West's denial of Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). The Court's jurisdiction to review Plaintiff's appeal falls under 42 U.S.C. § 405 (g) and pursuant to Local Civil Rule 9.1 (f) the Court resolves this matter on the parties' briefs. The Court has considered the submissions made in support of and in opposition to the instant appeal and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court finds that the ALJ's decision is supported by substantial evidence and affirms ALJ West's determination.

**I.    BACKGROUND**[1]

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 6.

1

Plaintiff applied to the Social Security Administration (the "Administration") for a period of disability and DIB as well as SSI on September, 26 2012, alleging disability beginning June 14, 2010. R. at 10; 190 -193. The Administration denied Plaintiff's claims on February 27, 2013 and then upon reconsideration on June 13, 2013. Id. at 120 – 29; 137 - 141. In response, Plaintiff requested an administrative hearing on June 28, 2013; Plaintiff's request was granted and a hearing was held before ALJ West on August 28, 2014. Id. at 143; 26.

After the administrative hearing, ALJ West issued a decision on December 8, 2014, rendering the Plaintiff not disabled under Sections 216 (i), 223(d) and 1614 (a)(3)(A) of the Social Security Act (the "Act"). Id. at 20. Thereafter, Plaintiff requested that the Appeals Council review the administrative decision; this request was subsequently denied thereby affirming the ALJ's decision as the final decision of the Commissioner. Id. at 132, 134. Requesting to proceed *in forma pauperis,* Plaintiff filed the instant appeal on March 15, 2016. ECF No. 1. The Court granted Plaintiff's request to proceed as indigent on March 29, 2016. ECF No 2. On August 30, 2016, Plaintiff filed a brief in support of the instant appeal (ECF No. 10, "Pl.'s Br."). In response, on October 17, 2016, Defendant submitted a brief in opposition (ECF No. 13, "Opp'n Br.").

In regards to the facts involved in this action, since the Court writes for the parties who are familiar with the factual history of the case, the Court discusses below only the facts relevant to the issues raised on appeal.

## II.     STANDARD OF REVIEW

This court must affirm the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla."

*Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). The "substantial evidence standard is a deferential standard of review." *Id.* The ALJ is required to "set forth the reasons for his decision" and not merely make conclusory unexplained findings. *Burnett v. Comm'r of Soc. Sec,* 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). It does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). Finally, the Third Circuit has made clear that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his [or her] analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

### III. THE FIVE STEP EVALUATION PROCESS TO DETERMINE DISABILITY UNDER THE ACT

The Social Security Act authorizes the Administration to pay a period of disability, disability insurance benefits and supplemental security income to disabled individuals. 42 U.S.C. §§ 423 (a); 1382. Pursuant to the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423 (d)(1)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairment(s) are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A).

The Regulation promulgated under the Act sets forth a five-step process to be used by the ALJ to determine whether or not the claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). The claimant bears the burden of proof at steps one through four whereas the Administration bears the burden at step five. *Poulos v. Comm'r of Soc. Sec.*, 474 F. 3d 88, 92 (3d Cir. 2007) (citing *Ramirez v. Barnhart*, 372 F. 3d 546, 550 (3d Cir. 2004)). The first step in the sequential evaluation process requires that the ALJ determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520 (a). If it is found that the claimant is engaged in substantial activity, the disability claim will be denied. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Alternatively, if it is found that the claimant is not engaged in substantial gainful activity the evaluation proceeds to step two. *Id.* At step two, the ALJ must determine whether the claimant suffers from a severe impairment. 20 C.F.R. § 404.1520 (c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits. However, if the ALJ finds that the showing indicates claimant's disability is severe, the analysis proceeds to step three. At step three, the ALJ then evaluates whether the claimant's severe impairment is listed or is equivalent to an impairment set forth by the Code. 20 C.F.R. § 404.1520 (d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four. Step four requires that the ALJ make specific findings of fact as to the claimant's residual functional capacity and also as to the mental and physical demands of the claimants past relevant work. After both of these findings are made, the ALJ must compare the RFC to the past relevant work to determine whether Claimant retains the RFC to perform the past relevant work. 20 C.F.R. § 404.1520 (d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994). If at step four, the evaluation indicates that the claimant is unable to resume past relevant work or any employment

history does not qualify as past relevant work, the evaluation moves to step five. *Jones*, 364 F.3d at 503. The final step shifts the burden of proof to the "Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience and [RFC]." *Ramirez*, 372 F.3d at 551; 20 C.F.R. § 404.1520(f). The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. *Jones*, 364 F.3d at 503.

Additionally, under the Act, disability must be established by objective medical evidence. To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.*; *see* 42 U.S.C. § 1382c(a)(3)(A). Factors to consider in determining how to weigh evidence from medical sources include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. 20 C.F.R. § 404.1527(c).

## IV. DISCUSSION

After administering the five-step evaluation process, ALJ West concluded that the Plaintiff

was not disabled as defined by the Act. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 14, 2010 the alleged date of onset. R. at 12. At step two, ALJ West found that Plaintiff suffered from "the following severe impairments: degenerative disc disease, anxiety and depression (20 C.F.R. §§ 404.1520 (c) and 416.920 (c))." However, at step three, the ALJ determined that these impairments or a combination of these impairments neither met nor medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520 (d), 404.1525, 404.1526, 416.920 (d), 416.925 and 416.926). Id. at 13. Before proceeding to step four, ALJ West asserted that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567 (b) and 416.967 (b) with the exception of driving as part of her employment responsibilities. Id. at 14. The ALJ also determined that the Plaintiff is able to understand, remember and carry out simple instructions in a sustained basis, is able to have occasional interaction with the general public, coworkers and supervisors, and can sustain only occasional changes to her essential job functions. Id. at 14. Next, at step four, ALJ West found that the Plaintiff is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965). At this final step, after consideration of the entire record, ALJ West determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969 and 416.969(a)). Id. at 19. In making the final determination, the ALJ also heard testimony of vocational expert, Ms. Tanya Edgehill. Id. at 62 – 66. Ms. Edgehill opined, taking into account all the factors, that the Plaintiff would be able to perform the requirements of the following occupations: ticket printer (DOT # 652.685-094)(120,000 jobs nationally), inspector hand packager (DOT # 559.687-074)(20,000 jobs nationally), and garment folder (DOT # 789.687-066)(150,000 jobs nationally). Id. at 19. Pursuant to SSR 00-4p, ALJ West found that the vocational expert's testimony was consistent with

the information in the Dictionary of Occupational Titles and that based on said testimony, and in consideration of the Plaintiff's age, education, work experience and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy and therefore a finding of not disabled is appropriate under the frame-work. Id. at 20. Plaintiff argues that ALJ West's determination at Step Three and findings regarding Plaintiff's RFC are not supported by substantial evidence. For the reasons discussed below, the Court finds that substantial evidence support ALJ West's findings.

### A. The ALJ's Findings at Step Three Are Supported by Substantial Evidence

Plaintiff argues that the ALJ's Step Three findings are not supported by substantial evidence because the ALJ's decision failed to include analysis which "combine[d] all severe impairments and compare[d] the joint effect of all impairments against one of the commissioner's listings to determine medical equivalence." Pl.'s Br. 18. Plaintiff asserts that she is the psychiatric equivalent of Paragraph 12.04 and 12.06 of the commissioner's listings and further proceeds to support this argument with the following reasons:

> [The] psychiatric progress notes finds [sic] Plaintiff 'depressed, overwhelmed, anxious, panic attack, poor concentration and focus, agitation, poor sleep, irritability.' … The second and final reason is that: 'at the consultative examination, the claimant testified she was generally capable of conducting her own life.' Omitted from this 'testimony' to the Commissioner's orthopedic examiner was that plaintiff 'lives with parents' couldn't attend this appointment alone and that 'she is generally capable of conducting her own life, but sometimes need help.'

Id. 10 – 11. Plaintiff argues that "[t]he decision pretty much concedes the A criteria of both listings (12.04 and 12.06) by ignoring them completely." Id. 20. The Court finds this contention to be without merit.

In *Jones*, the Third Circuit made clear that Burnett "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis," so long as the ALJ

7

provides sufficient analysis "to permit meaningful review." *Jones,* 364 F.3d at 505; *see also Scuderi v. Comm'r of Soc. Sec.*, 302 F. App'x 88, 90 (3d Cir. 2008) ("[A]n ALJ need not specifically mention any of the listed impairments in order to make a judicially reviewable finding, provided that the ALJ's decision clearly analyzes and evaluates the relevant medical evidence as it relates to the Listing requirements."); *Klangwald v. Comm'r of Soc. Sec.*, 269 F. App'x 202, 204 (3d Cir. 2008) ("After broadly concluding that [the claimant] 'has no impairment, which meets the criteria of any of the listed impairments,' the ALJ followed this conclusion with a searching review of the medical evidence. Under our precedents, this is sufficient.") Notwithstanding, here, ALJ West's decision not only mentioned the listed impairments but also assessed the Plaintiff's relevant medical evidence as it relates to the criteria of the listings. For example, ALJ West sets forth that:

> [T]he evidence fails to establish any of the requirements under listing 1.04 for disorders of the spine. Specifically, the evidence fails to establish a disorder of the spine which has resulted in compromise of a nerve root (including the cauda equina) or the spinal cord with evidence of nerve root compression or spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudication, established by findings or appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in an inability to ambulate effectively, as defined in 1.00B2b.

R. at 13. Furthermore, the ALJ's decision later includes a robust analysis of the medical evidence and opinion evidence as deemed sufficient by the Third Circuit. *See* Id. at 14 – 18. The ALJ's Opinion sets forth that:

> The severity of claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06. In making this finding, the undersigned has considered whether the 'paragraph B' criteria are satisfied. To satisfy the 'paragraph B' criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme. Repeated episodes of decompensation, each of extended duration, means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.

Id. at 13. In light of the foregoing, ALJ West continues by taking into account and assessing the

8

Plaintiff's activities of daily living, social functioning, "concentration, persistence or pace" and any episodes of decompensation. Id. For example, the ALJ's determination that Plaintiff's daily living is moderately restricted was based on Plaintiff's testimony during which Plaintiff asserted that "she sometimes does not get out of her bed clothes," the record which described the Plaintiff as appropriately dressed and groomed, and the records from the consultative examination during which the Plaintiff testified that she was generally capable of conducting her own life. Id. For the reasons discussed above, the Court finds that ALJ West's determination at Step Three is supported by substantial evidence.

### B. Substantial Evidence Supports the ALJ's RFC Determination

Plaintiff argues that the ALJ's RFC finding is not based on substantial evidence and that the ALJ fails to explain the basis for the limitations assigned. *See* Pl.'s Br. 21. The Court finds this general attack on the adequacy of the ALJ's RFC explanation to be without merit. The RFC is an administrative finding that the ALJ is solely responsible for determining, based on consideration of the record as a whole. *See* 20 C.F.R. § 404.1527(e). In making the RFC determination, the Third Circuit has made clear that an ALJ is not required "to adhere to any set format for explaining his [or her] analysis so long as there is 'sufficient development of the record and explanation of findings to permit meaningful judicial review.'" *Garrett*, 274 F. App'x at 162-63 (quoting *Jones*, 364 F.3d at 505). While the ALJ here did not explain his RFC finding in the manner suggested by Plaintiff, ALJ West provided detailed findings related to Plaintiff's limitations and referenced the state examiner opinions and other medical evidence which are consistent with his RFC findings. *See* R. at 14 – 18. ALJ West provided sufficient analysis in regards to both Plaintiff's mental and physical impairments. For example, the ALJ's analysis considers, among other evidence, the Plaintiff's physical therapy history beginning in September

2012, MRI results performed in October 2012, a consultative examination with Dr. Justin Fernando, M.D. from January 2013, records from Mountainside hospital during which Plaintiff sought treatment for anxiety and depression in August 2012, and evaluations from February through April of 2013 assessing Plaintiff's mental health. *See* Id.

Additionally, Plaintiff argues "that the ALJ's construction of hypothetical questioning to the [vocational expert], on the basis of a conclusory, non-evidentiary RFC did not include all of plaintiff's credibly established mental limitations, even those found earlier in [the] decision. Here, because the ALJ failed to construct a hypothetical which reasonably conveyed the extent of plaintiff's limitations, the [vocational expert]'s answer to those hypotheticals cannot constitute substantial evidence to support the ALJ's step five denial of benefits." Pl.'s Br. 31. Plaintiff further asserts that "[h]ypothetical questions based on that RFC cannot satisfy the Commissioner's step 5 burden." Id. The Court does not agree and determines that ALJ West took into account Plaintiff's medically established impairments while posing the hypothetical questions to the vocational expert. *See* Id. at 62 – 64. Moreover, an ALJ's hypothetical question need not include "every impairment *alleged* by a claimant," but only those that are "medically established." *Rutherford v. Barnhart,* 399 F.3d 546, 554 (3d. Cir. 2005) (emphasis in original). To the extent that Plaintiff's attack on the hypothetical is that all his alleged impairments were not addressed, he in essence is making another attack on the RFC finding itself (*see id.* at 554 n.8), which the Court has already rejected. Therefore, the Court finds that the ALJ's hypothetical adequately captured all of Plaintiff's medically established impairments. For the reasons discussed herein, substantial evidence supports the ALJ's RFC determination.

## V. CONCLUSION

After reviewing the administrative record in its entirety and in light of the foregoing, the Court finds that the ALJ's determination that the Plaintiff is not disabled is supported by substantial evidence. Accordingly, ALJ West's decision is affirmed. An appropriate Order follows this Opinion.

DATED: April __5th__, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE